**DAVID M.C. PETERSON**
California Bar No. 254498
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org

Attorneys for Mr. Crespo-Tinoco

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>HUGO NOE CRESPO-TINOCO,<br><br>  Defendant. | Criminal No. 08CR1901-JLS<br><br>Date: July 18, 2008<br>Time: 1:30 p.m.<br><br>NOTICE OF MOTIONS AND MOTIONS TO:<br>1) COMPEL DISCOVERY;<br>2) PRESERVE EVIDENCE;<br>2) GRANT LEAVE TO FILE FURTHER MOTIONS. |

TO:  KAREN P. HEWITT. UNITED STATES ATTORNEY; AND
     CAROLINA PINEDA HAN, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that on Monday, June 30, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the accused, Hugo Noe Crespo-Tinoco, by and through his attorneys, David M.C. Peterson, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motions listed below.

**MOTIONS**

Hugo Noe Crespo-Tinoco, the accused in this case, by and through his attorneys, David M.C. Peterson, and Federal Defenders of San Diego, Inc., pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Federal Rules of Criminal Procedure, Rules 8, 12, 14 and 16, and all other applicable statutes, case law and local rules, hereby moves this court for an order:

1) to compel further discovery;

     2)     to preserve evidence; and,

     3)     to grant leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

                                                  Respectfully submitted,

Dated: July 8, 2008                             **/s/ David M.C. Peterson**
                                                 David M.C. Peterson
                                                 Federal Defenders of San Diego, Inc.
                                                 Attorneys for Mr. Crespo-Tinoco
                                                 david_peterson@fd.org

**DAVID M.C. PETERSON**
California Bar No. 254498

**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org

Attorneys for Mr. Hugo Noe Crespo-Tinoco

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08CR1901-JLS |
| Plaintiff, ) | Date: July 18, 2008 |
| ) | Time: 1:30 p.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| HUGO NOE CRESPO-TINOCO, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| Defendant. ) | DEFENDANT'S MOTIONS |
| ) | |

**I.**

**STATEMENT OF FACTS[1]**

On April 22, 2008, Border Patrol Agent Rasmusson watched two individuals cross Highway 94 near Campo, California and enter a store. The area is approximately nine miles east and one mile north of the Tecate, California Port of Entry.

Agent Rasmussen exited his vehicle and followed the two individuals into the store. He identified himself as a United States Border Patrol Agent. He asked the individuals about their citizenship. Both individuals stated that they were citizens and nationals of Mexico illegally in the United States without documentation allowing them to remain in this country. Agent Rasmusson placed both of the individuals

---

[1] Unless otherwise stated, the "facts" referenced in these papers come from government-produced documents that the defense continues to investigate. Mr. Crespo does not admit the accuracy of this information and reserved the right to challenge it at any time.

under arrest and transported them to the Tecate, California processing center.

One of the individuals, later identified as Hugo Noe Crespo-Tinoco was found to have a criminal and immigration history. At 9:59 on April 22, 2008, Mr. Crespo was advised of his consular communication rights. He stated that he wished to speak with the Mexican Consulate. Mr. Crespo was informed that he would have to try and reach them during business hours. Then, Mr. Crespo was advised of his Miranda rights, and asked the same questions he had been asked in the store earlier, with somewhat greater detail. Mr. Crespo made incriminating statements. Then, at approximately 10:05 p.m., Mr. Crespo was informed that his administrative rights no longer applied.

## II.

## **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Crespo moves for the production of the following discovery. His request is not limited to those items that the prosecutor knows of; it includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

To date, defense counsel has received *fifty-five* pages of discovery. Mr. Crespo respectfully requests that the government be ordered to produce additional discovery because Mr. Crespo has reason to believe that he has not received all the discoverable material in his case. Mr. Crespo specifically requests production of a copy of the taped deportation proceedings and any and all documents memorializing the deportation proceedings allegedly held, and any other proceedings that the government intends to rely upon at trial. This requests includes discovery of materials known to the government attorney, as well as discovery of materials which the government attorney may become aware of through the exercise of due diligence. See Fed.R.Crim.P. 16.

Mr. Crespo has also not received a full copy of his A-file. Mr. Crespo intends to file a request for his A-file with the National Records Center pursuant to the Freedom of Information Act, however, he fears that his request will not be processed until after the completion of his trial. Thus, Mr. Crespo-Tinoco requests the documents memorializing the alleged deportation proceedings and any other proceedings that the government intends to rely upon at trial.

Mr. Crespo-Tinoco additionally requests that the Court order the government to allow him **the**

**opportunity to inspect the A-file in its entirety.** First, the A-file contains documentation concerning his alleged deportation. Part of Mr. Crespo-Tinoco's defense may be that his underlying deportation was invalid. The documents in the A-file would help illuminate the validity or futility of such a defense. For example, the A-file documents typically contain biographical information. Such information is essential to determining whether the Mr. Crespo-Tinoco's deportation was invalid.

Second, the government will likely try to show at trial that a government officer searched the A-file and did not find an application by Mr. Crespo-Tinoco for permission to enter the United States. Mr. Crespo-Tinoco anticipates that the government will attempt to admit a "Certificate of Non-Existence of Record" against him, arguing that if Mr. Crespo-Tinoco had ever applied for permission to enter the United States, such an application would be found in the A-file, and that because such an application is not in the A-file, Mr. Crespo-Tinoco must not have applied for permission to enter the United States.

Although such a certificate *might* be admissible, the question of the thoroughness of the search of the A-file conducted by the government is, and should be, open to cross-examination. United States v. Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation"). Mr. Crespo-Tinoco should be able to review his A-file in order to see whether any application for lawful admission exists. Moreover, Mr. Crespo-Tinoco should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Crespo-Tinoco may assert a defense that his application for lawful entry was lost or otherwise misplaced by the government. He must be allowed the opportunity to review his A-file and the manner in which it is being and has been maintained by the government in order to present his defense. To that end, accompanying this motion is a proposed order emailed directly to chambers, ordering that counsel for defendant Hugo Noe Crespo-Tinoco be granted the opportunity by the United States Attorney's Office for the Southern District of California to view, inspect and copy the A-File of Mr. Hugo Noe Crespo-Tinoco, at a time and place that is amenable to government counsel and the custodian of the A-file.

In addition, Mr. Crespo-Tinoco moves for production by the government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discoverable material listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); Bryan, 868 F.2d 1032.

(1) <u>Mr. Crespo-Tinoco's Statements</u>. The government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by Mr. Crespo-Tinoco; the substance of any statements made by him which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; <u>see id.</u>, any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant, including all video or audio recordings, as well as rough notes that the agent may have taken at the time of defendant's interrogation (<u>see</u> <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982); as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A).[2] The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> records containing reference to the defendant's statements, whether oral or written, regardless of whether the government intends to use those statements. <u>United States v. Noe</u>, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).

(2) <u>Arrest Reports and Notes</u>. The defendant also specifically requests that the government turn over all arrest reports, notes and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>. The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. *See* Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); <u>see also</u> <u>United States v. Anderson</u>, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming <u>Harris</u>' holding). Preservation of contemporaneous notes is specifically requested, whether or not the government deems them discoverable at this time. **In addition, Mr. Crespo-Tinoco requests**

---

[2] Of course, any of Mr. Crespo-Tinoco's statements which are exculpatory must be produced as well. See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

1   **copies of all video-surveillance of the area on the date of the arrest, as well as the location of all**
2   **permanent remote surveillance devices. Further, Mr. Crespo-Tinoco requests the names of all**
3   **temporary remote surveillance operators stationed at or near the Calexico Port of Entry.**

4   Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, audio/video
5   recordings, sworn statements, and prosecution reports pertaining to the defendant are available under
6   Fed.R.Crim.P. 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(I). <u>Preservation of rough notes is specifically</u>
7   <u>requested, whether or not the Government deems them discoverable at this time.</u>

8   (3) <u>Brady Material</u>. Mr. Crespo-Tinoco requests all documents, statements, agents' reports, and
9   tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
10  government's case. <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). Under <u>Brady</u>, <u>Kyles</u> and their progeny,
11  impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the
12  accused. See also <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).
13  This includes information obtained from other investigations which exculpates Mr. Crespo-Tinoco.

14  (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The government
15  must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

16  (5) <u>The Mr. Crespo-Tinoco's Prior Record</u>. Mr. Crespo-Tinoco requests disclosure of his prior
17  record. Fed. R. Crim. P. 16(a)(1)(B).

18  (6) <u>Any Proposed 404(b) Evidence</u>. To the extent that there is any such evidence, the government
19  must produce evidence of prior similar acts under Fed. R. Evid. 404(b) and "shall provide reasonable notice
20  in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under
21  Fed. R. Evid. 404(b) at trial. See <u>United States v. Vega</u>, 188 F. 3d 1150, 1154-1155 (9th Cir. 1999). Mr.
22  Crespo-Tinoco requests that such notice be given **at least four weeks before trial** in order to give the
23  defense time to adequately investigate and prepare for trial.

24  (7) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any
25  search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

26  (8) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of
27  any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody,
28  or care of the government and which relates to the arrest or the events leading to the arrest in this case. This

request includes the contemporaneous, or "rough notes" of any arresting and interrogating officers.

(9) <u>Henthorn Material</u>.  In addition, Mr. Crespo-Tinoco requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material.  <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991);  see also <u>United States v. Jennings</u>, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996) (accord).  In addition, the defendant requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in</u> <u>camera</u> inspection.

(10) <u>Tangible Objects</u>.  The defendant requests the opportunity to copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

(11) <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E).  The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert.  The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. See <u>Kumho v. Carmichael Tire Co.</u> 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . . .").

(12) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(13) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective government

1  witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness
2  has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady v. Maryland.

3       (14) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any
4  evidence that any prospective witness is under investigation by federal, state or local authorities for any
5  criminal conduct.

6       (15) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The
7  defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
8  that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired, and
9  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
10 alcoholic.

11      (16) Witness Addresses. The defendant requests the name and last known address of each
12 prospective government witness. See United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense
13 counsel has equal right to talk to witnesses). The defendant also requests the name and last known address
14 of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof)
15 who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).
16 **Specifically, Mr. Crespo-Tinoco requests the names and last known addresses of the percipient**
17 **witnesses to the crime charged, to wit, the other three individuals who were arrested along with Mr.**
18 **Crespo-Tinoco.**

19      (17) Statements Relevant to the Defense. The defendant requests disclosure of any statement
20 relevant to any possible defense or contention that he might assert. United States v. Bailleaux, 685 F.2d
21 1105 (9th Cir. 1982). This includes all statements by percipient witnesses. This also includes **grand jury**
22 **transcripts that are relevant to Mr. Crespo-Tinoco's motion to dismiss the indictment.**

23      (18) Jencks Act Material. The defendant requests production in advance of trial of all material,
24 including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed.
25 R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant to
26 investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account
27 of the witness' interview is sufficient for the report or notes to qualify as a statement under section
28 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952

1  F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject interview
2  notes are  subject to Jencks Act).
3         (19) Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant
4  requests all statements and/or promises, express or implied, made to any government witnesses, in exchange
5  for their testimony in this case, and all other information which could arguably be used for the impeachment
6  of any government witnesses.
7         (20) Agreements Between the Government and Witnesses.  In this case, the defendant requests
8  identification of any cooperating witnesses who have committed crimes but were not charged so that they
9  may testify for the government in this case.  The defendant also requests discovery regarding any express
10 or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other
11 kind of agreement or understanding, including any implicit understanding relating to criminal or civil income
12 tax, forfeiture or fine liability between any prospective government witness and the government (federal,
13 state and/or local).  This request also includes any discussion with a potential witness about or advice
14 concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the
15 advice not followed.
16        Pursuant to United States v. Sudikoff, 36 F. Supp.2d 1196 (C.D. Cal. 1999), the defense requests
17 all statements made, either personally or through counsel, at any time which relate to the witnesses'
18 statements regarding this case, any promises -- implied or express -- regarding punishment/prosecution or
19 detention of these witnesses, any agreement sought, bargained for or requested, on the part of the witness
20 at any time.
21        (21) Informants and Cooperating Witnesses.  To the extent that there was any informant, or any
22 other tip leading to a TECS hit in this case the defendant requests disclosure of the names and addresses of
23 all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any
24 informant who was a percipient witness in this case or otherwise participated in the crime charged against
25 Mr. Crespo-Tinoco.  The government must disclose the informant's identity and location, as well as the
26 existence of any other percipient witness unknown or unknowable to the defense.  Roviaro v. United States,
27 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants which
28 exculpates or tends to exculpate the defendant.

1    (22) <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

   (23) <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. See <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

   (24) <u>Inspection and Copying of A-File</u>.  **As discussed above, Mr. Crespo-Tinoco requests that this court order the government to make all A-Files relevant to Mr. Crespo-Tinoco available for <u>inspection</u> and copying.** Fed.R.Crim.P. 16(a)(1)(A), (B), (E).

   **In addition, Mr. Crespo-Tinoco requests the opportunity to inspect the A-file of his mother, based upon the belief that it contains material that is relevant to Mr. Crespo's defense, as well as <u>Brady</u> material.  If his mother applied for permission for him, that constitutes both <u>Brady</u> and Rule 16 material.  In addition, the a-file of his mother is in the government's possession.**  His mother's name is Maria Blanca Crespo-Tinoco.  Her alien number will be provide to the government by defense counsel as soon as it is received.

   (25) <u>Names of all percipient witnesses</u>.  **Mr. Crespo-Tinoco requests the names of all percipient witnesses to the arrest, including the other three individuals alleged to have been arrested with Mr. Crespo-Tinoco.**

   (26) <u>Residual Request</u>.  Mr. Crespo-Tinoco intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  Mr. Crespo-Tinoco requests that the government provide his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

//
//

**III.**

**THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE**

Mr. Crespo-Tinoco requests the preservation of all physical evidence in this case. This includes any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government (or its private contractors) in this case. United States v. Riley, 189 F.3d 802, 806-08 (9th Cir. 1999). This requests includes, but is not limited to: (1) the results of any fingerprint analysis; (2) Mr. Crespo-Tinoco's personal effects; (3) the agents' rough notes; (4) any radio broadcast, if it is recorded; (5) any video broadcast from the RVSS system; (6) any evidence seized from Mr. Crespo-Tinoco or any third party. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients).

It is requested that the prosecutor be ordered to *question* all the agencies and individuals inovled in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

**IV.**

**MOTION TO GRANT LEAVE TO FILE FURTHER MOTIONS**

Mr. Crespo-Tinoco and defense counsel have received **fifty-five pages** of discovery in this case. Essential documents from the A-file, as well as the tapes of alleged deportation proceedings are lacking. As information surfaces due to the government providing discovery in response to these motions or an order of this court, defense will find it necessary to file further motions, or to supplement existing motions with additional facts. Moreover, the defense has been investigating Mr. Crespo-Tinoco's alleged alienage and prior deportations, and once all information is received, it is anticipated that further motions will be filed. Particularly, once the government provides discovery, it might become necessary, upon provision of discovery, to file motions to 1) suppress statements, 2) dismiss the indictment due to misinstruction of the Grand Jury, 3) dismiss the indictment for failure to allege the elements of 8 U.S.C. § 1326, and 4) a motion based upon 8 U.S.C. § 1326(d). Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

//

//

# IV.

# **CONCLUSION**

For the reasons stated above, Mr. Crespo-Tinoco moves this Court to grant his motions.

Respectfully submitted,

Dated: July 8, 2008         */s/ DAVID M.C. PETERSON*
DAVID M.C. PETERSON
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Crespo-Tinoco
David_Peterson@fd.org

**CERTIFICATE OF SERVICE**

1. Counsel for Mr. Crespo-Tinoco certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: July 8, 2008         /s/ DAVID M. C. PETERSON
                            Federal Defenders of San Diego, Inc.
                            225 Broadway, Suite 900
                            San Diego, CA  92101-5030
                            (619) 234-8467  (tel)
                            (619) 687-2666  (fax)
                            david_peterson@fd.org (email)