1  KAREN P. HEWITT
   United States Attorney
2  CAROLINE P. HAN
   Assistant U.S. Attorney
3  California State Bar No. 250301
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Phone: (619) 557-5220
   Fax: (619) 235-2757
6  E-mail: caroline.han@usdoj.gov

7  Attorneys for Plaintiff
   United States of America

8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,      )  Criminal Case No. 08CR1901-JLS
                                   )
13              Plaintiff,         )  **RESPONSE AND OPPOSITION TO**
                                   )  **DEFENDANT'S MOTIONS:**
14              v.                 )
                                   )  **(1) TO COMPEL SPECIFIC DISCOVERY**
15  HUGO NOE CRESPO-TINOCO,        )  **(2) TO PRESERVE EVIDENCE**
                                   )  **(3) FOR LEAVE TO FILE FURTHER MOTIONS**
16              Defendant.         )
                                   )
17                                 )  Date:  July 18, 2008
                                   )  Time:  1:30 p.m.
18  _____  )  Court: The Hon. Janis L. Sammartino

19          COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

20  United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline Han, and hereby

21  files its Response and Opposition to Defendant's Motions to Compel Specific Discovery, to

22  Preserve Evidence, and For Leave to File Further Motions.  This Response and Opposition is based

23  upon the files and records of this case, together with the attached Statement of Facts, Memorandum

24  of Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

25  //

26  //

27  //

28

# I

## STATEMENT OF FACTS

**A. Statement of the Case**

On June 11, 2008, a federal grand jury handed up a one-count Indictment charging Defendant Hugo Noe Crespo-Tinoco with Deported Alien Found in the United States in violation of Title 8, United States Code, Section 1326(a) and (b). The indictment also alleges that Defendant was removed from the United States subsequent to July 13, 1994. Defendant entered a not guilty plea before this Court on June 13, 2008.

**B. Statement of Facts**

**1. Defendant's Arrest**

On April 22, 2008 at approximately 7:00 pm, United States Border Patrol Agent (BP) Jason L. Rasmusson observed two people crossing Highway 94 and approach store that is commonly referred to as the "Green Store." The location is approximately one mile north of the Tecate, California Port of Entry and nine miles east of the Tecate Port of Entry. Agent Rasmusson observed the people in the parking lot, and later when they entered the store. Inside the store, Agent Rasmusson approached the two people, one of which was later identified as the defendant. The defendant and the other person both stated that they were Mexican citizens in the United States illegally. Thereafter, the defendant and the other person were placed under arrest. At the Tecate processing center, the defendant was fingerprinted.

**2. Defendant's Statements**

At approximately 10:01 pm, the defendant was advised of his Miranda rights in the Spanish language by BP Agent Ryan Beckhelm. The defendant stated that he understood his rights, and agree to waive those rights. The defendant stated that he is Mexican citizen and national who was in the United States illegally. He also stated that he had no immigration documents that would allow him to stay or work in the United States illegally. He further stated that he had entered the United States illegally to work with his family in Denver, Colorado.

1  **C. Defendant's Criminal History**

2     On June 14, 1994, the defendant sustained a conviction for Assault with the Intent to

3  Commit Rape in violation of California Penal Code 220 in the San Diego Superior Court for which

4  he received a sentence of 3 years probation and 365 days jail.

5  **II**

6  **MOTION TO COMPEL SPECIFIC DISCOVERY AND PRESERVE EVIDENCE**

7     The Government provided Defendant with 55 pages of discovery including the complaint and

8  statement of facts, reports from the apprehending agents., the defendant's prior conviction

9  documents, as well as a DVD.

10    With respect to Defendant's discovery motions, the Constitution requires the Government

11 to preserve evidence "that might be expected to play a significant role in the suspect's defense."

12 California v. Trombetta, 467 U.S. 479, 488 (1984).  To require preservation by the Government,

13 such evidence must (1) "possess an exculpatory value that was apparent before the evidence was

14 destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable

15 evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d

16 1104, 1113-14 (9th Cir. 2001).   The Government will make every effort to preserve evidence it

17 deems to be relevant and material to this case.  Any failure to gather and preserve evidence,

18 however, would not violate due process absent bad faith by the Government that results in actual

19 prejudice to the Defendant.  See Illinois v. Fisher, 540 U.S. 544 (2004) (per curiam); Arizona v.

20 Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir.

21 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

22    **(1) Defendant's Statements**

23    The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

24 provide to Defendant the substance of Defendant's oral statements and Defendant's written

25 statements. The Government has produced all of the Defendant's statements that are known to the

26 undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or

27 written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such

28

1  statements will be provided to Defendant.  In addition, the United States objects to the defendant's

2  request for a certified transcript of the defendant's post-arrest statements.  Rule 16 does not require

3  the United States to do so, and there is no reason that has been specified for this request.  As such,

4  the request should be denied.

5       The Government has no objection to the preservation of the handwritten notes taken by any

6  of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents

7  must preserve their original notes of interviews of an accused or prospective government

8  witnesses).

9       However, the Government objects to providing Defendant with a copy of the rough notes

10  at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of

11  those notes have been accurately reflected in a type-written report. See United States v. Brown,

12  303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule

13  16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor

14  discrepancies" between the notes and a report). The Government is not required to produce rough

15  notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18

16  U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a

17  witness' assertion, and (2) have been approved or adopted by the witness. United States v.

18  Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute

19  "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035,

20  1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were

21  scattered and all the information contained in the notes was available in other forms). The notes

22  are not Brady material because the notes do not present any material exculpatory information, or

23  any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at

24  595-96 (rough notes were not Brady material because the notes were neither favorable to the

25  defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71

26  (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was

27  insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable

28  under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

1    **(2) Arrest reports, notes, dispatch tapes**

2         The Government has provided Defendant with all known reports related to Defendant's

3    arrest in this case that are available at this time. The Government will continue to comply with its

4    obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the

5    Government has no objection to the preservation of the agents' handwritten notes, but objects to

6    providing Defendant with a copy of the rough notes at this time because the notes are not subject

7    to disclosure under Rule 16, the Jencks Act, or Brady. The United States is presently unaware of

8    any dispatch tapes relating to the Defendant's arrest in this case.  In addition, the United States has

9    already discovered a copy of the Report of Investigation for the defendant's case.

10        **The defendant also specifically requested copies of video surveillance of the area of**

11   **his arrest, as well as the location of all permanent remote surveillance devices and names of**

12   **the operators of said devices at the Calexico West Port of Entry.**  Because there is no evidence

13   in this case that video surveillance was employed in this case, that information is not discoverable.

14   The location all permanent remote surveillance devices is also not discoverable.  Moreover, the

15   defendant was apprehended near the Tecate Port of Entry, not the Calexico West Port of Entry.

16   Absent any showing of specific relevance and discoverable value, or that the information is

17   exculpatory, the motion should be denied.

18        **(3) A-File**

19        The United States does not object to setting up a viewing of the discoverable portion of the

20   defendant's A-file at a time that is mutually convenient for the parties.  However, the United States

21   objects to providing the defendant with the entire A-file as the defendant has requested in his

22   motion because as the defendant is aware, the A-file contains attorney work product and other

23   information that is not discoverable information.   This information is equally available to

24   Defendant through a Freedom of Information Act request. Even if Defendant could not ascertain

25   the A-File through such a request, the A-File is not Rule 16 discoverable information. The A-File

26   contains information that is not discoverable like internal government documents and witness

27   statements. See Fed. R. Crim. P. 16(a)(2). Witness statements would not be subject to production

28   until after the witness for the United States testifies and provided that a "motion" is made by

1  Defendant. See Fed. R. Crim. P. 16(a)(2) and 26.2. Thus, the A-File associated with Defendant

2  need not be disclosed.  The United States will produce documents it intends to use in its case-in-

3  chief. Evidence is material under Brady only if there is a reasonable probability that had it been

4  disclosed to the defense, the result of the proceeding would have been different. See United States

5  v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). However, Defendant has not shown how

6  documents in the A-File are material. Finally, Defendant does not own the A-File. It is an agency

7  record. Cf. United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997) (noting that A-File

8  documents are admissible as public records).

9       Moreover, the United States will produce a copy of the deportation proceeding that the

10  defendant had before an immigration judge, and will also produce documentation regarding any

11  removals and/or proceedings that the United States intends to introduce at trial.

12       **(4) Brady Material**

13       The Government has and will continue to perform its duty under Brady to disclose material

14  exculpatory information or evidence favorable to Defendant when such evidence is material to

15  guilt or punishment. The Government recognizes that its obligation under Brady covers not only

16  exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on

17  behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States

18  v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not

19  requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10

20  (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable

21  probability that, had the evidence been disclosed to the defense, the result of the proceeding would

22  have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final

23  determination of materiality is based on the "suppressed evidence considered collectively, not item

24  by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

25       Brady does not, however, mandate that the Government open all of its files for discovery.

26  See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the

27  Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence

28  (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the

1    defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995));

2    (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380,

3    389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the

4    undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or

5    control over. (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does

6    Brady require the Government "to create exculpatory evidence that does not exist," United States

7    v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply

8    a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d

9    432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the

10    defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand

11    for

12    this information is premature.

13    **(5) Defendant's Prior Record**

14    The United States has already provided Defendant with a copy of any criminal record in

15    accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

16    **(6) Proposed 404(b) and 609 Evidence**

17    Should the United States seek to introduce any similar act evidence pursuant to Federal

18    Rules of Evidence 404(b) or 609(b), the United States will provide Defendant with notice of its

19    proposed use of such evidence and information about such bad act at or before the time the United

20    States' trial memorandum is filed. The United States reserves the right to introduce as prior act

21    evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

22    **(7) Evidence Seized**

23    The United States has complied and will continue to comply with Rule 16(a)(1)© in

24    allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

25    evidence which is within the possession, custody or control of the United States, and which is

26    material to the preparation of Defendant's defense or are intended for use by the United States as

27    evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

28    The United States, however, need not produce rebuttal evidence in advance of trial. United

1    States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

2          **(8) Request for Preservation of Evidence**

3    After issuance of a an order from the Court, the United States will preserve all evidence

4    to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United

5    States objects to Defendant's blanket request to preserve all physical evidence. The United States

6    has complied and will continue to comply with Rule 16(a)(1)© in allowing Defendant an

7    opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is

8    within his possession, custody or control of the United States, and which is material to the

9    preparation of Defendant's defense or are intended for use by the United States as evidence in

10   chief at trial, or were obtained from or belong to Defendant, including photographs. The United

11   States has made the evidence available to Defendant and Defendant's investigators and will

12   comply with any request for inspection.

13         **(9) Tangible Objects**

14         The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

15   allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

16   tangible objects seized that are within its possession, custody, or control, and that are either

17   material to the preparation of Defendant's defense, or are intended for use by the Government as

18   evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The

19   Government need not, however, produce rebuttal evidence in advance of trial. United States v.

20   Givens, 767 F.2d 574, 584 (9th Cir. 1984).

21         **(10) Expert Witnesses**

22         The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

23   summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

24   of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the

25   expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those

26   opinions.

27         **(11) Reports of Scientific Tests or Examinations**

28         The United States is not aware of any scientific tests or examinations at this time but, if

1   any scientific tests or examinations were conducted or are conducted in the future, the United

2   States will provide Defendant with any reports of any such tests or examinations in accordance

3   with Rule 16(a)(1)(F).

4   **(12) Henthorn Material**

5   The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991)

6   and request that all federal agencies involved in the criminal investigation and prosecution review

7   the personnel files of the federal law enforcement inspectors, officers, and special agents whom

8   the Government intends to call at trial and disclose information favorable to the defense that meets

9   the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir.

10  2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned

11  Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel

12  files is "material," the information will be submitted to the Court for an in camera inspection and

13  review.

14  **(13) Evidence of Bias or Motive To Lie**

15  The United States is unaware of any evidence indicating that a prospective witness is

16  biased or prejudiced against Defendant. The United States is also unaware of any evidence that

17  prospective witnesses have a motive to falsify or distort testimony.

18  **(14) Impeachment Evidence**

19  The Government recognizes its obligation under Brady and Giglio to provide evidence that

20  could be used to impeach Government witnesses including material information regarding

21  demonstrable bias or motive to lie.

22  **(15) Evidence of Criminal Investigation of Any Government Witness**

23  Defendants are not entitled to any evidence that a prospective witness is under criminal

24  investigation by federal, state, or local authorities. "[T]he criminal records of such [Government]

25  witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976);

26  United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records

27  of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

28

1   States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that

2   the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)© to supply a

3   defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542

4   F.2d at 1026).

5       The Government will, however, provide the conviction record, if any, which could be used

6   to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such

7   information, disclosure need only extend to witnesses the United States intends to call in its case-

8   in chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607

9   F.2d 1305, 1309 (9th Cir. 1979).

10      **(16) Evidence Affecting Perception, Recollection, Ability to Communicate, or**

11  **Truth Telling**

12      The United States is unaware of any evidence indicating that a prospective witness has a

13  problem with perception, recollection, communication, or truth-telling. The United States

14  recognizes its obligation under Brady and Giglio to provide material evidence that could be used

15  to impeach Government witnesses including material information related to perception,

16  recollection or ability to communicate. The Government objects to providing any evidence that

17  a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic

18  because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other

19  Constitutional or statutory disclosure provision.

20      **(17) Witness Addresses**

21      The Government has already provided Defendant with the reports containing the names

22  of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-

23  capital case, however, has no right to discover the identity of prospective Government witnesses

24  prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974

25  F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985));

26  United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum,

27  the Government will provide Defendant with a list of all witnesses whom it intends to call in its

28

1  case-in-chief, although delivery of such a witness list is not required. See United States v. Discher,

2  960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

3       The Government objects to any request that the Government provide a list of every witness

4  to the crimes charged who will not be called as a Government witness. "There is no statutory basis

5  for granting such broad requests," and a request for the names and addresses of witnesses who will

6  not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)©." United States v. Hsin-

7  Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502

8  (D. Del. 1980)). The Government is not required to produce all possible information and evidence

9  regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8

10 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery

11 of admissible exculpatory evidence are not subject to disclosure under Brady).

12      **The defendant has also requested the names and last known addresses of the**

13 **"individuals" with which he was apprehended.** Again, absent a showing that the information

14 is actually discoverable under Rule 16 or is exculpatory, the defendant is not entitled to the

15 information and his motion should be denied.

16      **(18) Names of Witnesses Favorable to the Defendant**

17      The Government willl comply with its obligations under Brady and its progeny. At the

18 present time, the Government is not aware of any witnesses who have made an arguably favorable

19 statement concerning the defendant.

20      **(19) Statements Relevant to the Defense**

21      The United States will comply with all of its discovery obligations. However, "the

22 prosecution does not have a constitutional duty to disclose every bit of information that might

23 affect the jury's decision; it need only disclose information favorable to the defense that meets the

24 appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).

25 **Specifically, the defendant has requested copies of the grand jury transcripts.** Again, as with

26 many of the defendant's requests, the defendant has failed to demonstrate that the information is

27 actually discoverable under Rule 16 or is exculpatory. For these reasons, the motion should be

28 denied.

1

2     **(20) Giglio Information**

3         As stated previously, the United States will comply with its obligations pursuant to Brady

4 v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir.

5 1991), and Giglio v. United States, 405 U.S. 150 (1972).

6     **(21) Informants and Cooperating Witnesses**

7         If the Government determines that there is a confidential informant who has information

8 that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of

9 a cause," the Government will either disclose the identity of the informant or submit the

10 informant's identity to the Court for an in-chambers inspection. See Roviaro v. United States, 353

11 U.S. 53, 60- 61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

12     **(22) Evidence of Bias or Motive To Lie**

13         The United States is unaware of any evidence indicating that a prospective witness is

14 biased or prejudiced against Defendant. The United States is also unaware of any evidence that

15 prospective witnesses have a motive to falsify or distort testimony.

16     **(23) Jencks Act Material**

17         The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

18 on direct examination, the Government must give the Defendant any "statement" (as defined by

19 the Jencks Act) in the Government's possession that was made by the witness relating to the

20 subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

21 Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

22 by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

23 oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes

24 are read back to a witness to see whether or not the government agent correctly understood what

25 the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

26 Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United

27 States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act

28

1   material after the witness testifies, the Government plans to provide most (if not all) Jencks Act

2   material well in advance of trial to avoid any needless delays.

3        **(24)  Information That May Result in a Lower Sentence Under the Guidelines** – The

4   Government has provided and will continue to provide the defendants with all <u>Brady</u> material that

5   may result in mitigation of the defendants' sentences.  Nevertheless, the Government is not

6   required to provide information bearing on the defendants' sentences until after the defendants'

7   convictions or guilty pleas and prior to their sentencing dates.  <u>See</u> <u>United States v. Juvenile Male</u>,

8   864 F.2d 641, 647 (9th Cir. 1988) (no <u>Brady</u> violation occurs "if the evidence is disclosed to the

9   the defendants at a time when the disclosure remains in value").

10       **(25)     Agreements Between the Government and Witnesses**  An agreement that the

11  Government makes with a witness for testimony in exchange for money or in exchange for

12  favorable treatment in the criminal justice system is generally subject to disclosure as

13  impeachment evidence under <u>Brady</u> and <u>Giglio</u>.  <u>See</u> <u>United States v. Kojayan</u>, 8 F.3d 1315, 1322-

14  23 (9th Cir. 1993); <u>Benn v. Lambert</u>, 238 F.3d 1040, 1054-60 (9th Cir. 2002).   As stated above,

15  the Government will provide any <u>Giglio</u> information in connection with this case no later than two

16  weeks prior to trial.

17       **(26)  Personnel Records of Government Officers Involved in the Arrest** – The

18  Government objects to the defendants' requests that the Government reveal all citizen complaints,

19  and internal affair inquiries into the inspectors, officers, and special agents who were involved in

20  this case – regardless of whether the complaints or inquiries are baseless or material and regardless

21  of whether the Government intends to call inspectors, officers, and special agents to testify.  As

22  previously noted, the Government will comply with <u>Henthorn</u> and disclose to the defendants all

23  material incriminating information regarding the testifying Government inspectors, officers, and

24  special agents.

25       **(27) Residual Request**

26       The Government will comply with all of its discovery obligations, but objects to the broad

27  and unspecified nature of Defendant's residual discovery request.

28

III

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

IV

## GOVERNMENT'S MOTIONS

### A. Government Motion For Fingerprint Exemplars

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

### B. Government's Motion to Compel Reciprocal Discovery

#### 1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make

1   copies or portions thereof, which are within the possession, custody, or control of Defendant

2   and which Defendant intends to introduce as evidence in his case-in-chief at trial.

3        The Government further requests that it be permitted to inspect and copy or photograph

4   any results or reports of physical or mental examinations and of scientific tests or experiments

5   made in connection with this case, which are in the possession and control of Defendant, which

6   he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness

7   whom Defendant intends to call as a witness. The Government also requests that the Court

8   make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the

9   Government receives the reciprocal discovery to which it is entitled.

10                **2. Reciprocal Jencks – Statements By Defense Witnesses**

11       Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

12   production of the prior statements of all witnesses, except a statement made by Defendant.

13   The time frame established by Rule 26.2 requires the statements to be provided to the

14   Government after the witness has testified.  However, to expedite trial proceedings, the

15   Government hereby requests that Defendant be ordered to provide all prior statements of

16   defense witnesses by a reasonable date before trial to be set by the Court.  Such an order

17   should include any form in which these statements are memorialized, including but not limited

18   to, tape recordings, handwritten or typed notes and reports.

19   / /

20   / /

21   / /

22   / /

23   / /

24   / /

25   / /

26   / /

27   / /

28

1

**V**

2

**CONCLUSION**

3      For the foregoing reasons, the Government requests that the Court deny Defendant's

4  motions, except where unopposed, and grant the Government's motion for reciprocal discovery

5  and to compel a fingerprint exemplar.

6

7      DATED: July 11, 2008

8                                                          Respectfully submitted,

9                                                          KAREN P. HEWITT
                                                           United States Attorney

10                                                         /s/ *Caroline P. Han*
                                                           CAROLINE P. HAN
11                                                         Assistant United States Attorney
                                                           Attorneys for Plaintiff
12                                                         United States of America

13                                                         Attorneys for Plaintiff
                                                           United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 3 | UNITED STATES OF AMERICA, | )   Criminal Case No. 08CR1901-JLS |
| 4 | Plaintiff, | ) |
| 5 | v. | )   CERTIFICATE OF SERVICE |
| 6 | HUGO NOE CRESPO-TINOCO, | ) |
| 7 | Defendant. | ) |
| 8 | | ) |

9

IT IS HEREBY CERTIFIED THAT:

10

11      I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12      I am not a party to the above-entitled action.  I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY, AND FOR LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

13

14

15      **David Peterson**
Federal Defenders of San Diego
225 Broadway Suite 900
San Diego, CA 92101-5008
(619)234-8467
Email: David_Peterson@fd.org
*Attorney for defendant*

16

17

18

19      I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

20      None

21 the last known address, at which place there is delivery service of mail from the United States

22 Postal Service.

      I declare under penalty of perjury that the foregoing is true and correct.

23

24      Executed on July 11, 2008

25

26                                                      /s/ *Caroline P. Han*
                                                      CAROLINE P. HAN

27

28